**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MYRON N. CRISDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORTHGATE II, CAMDEN TOWING INC.,<br><br>　　　　　Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>No. 25-262 (KMW-SAK)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Myron N. Crisdon's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT**, having reviewed Plaintiff's IFP Application, finds that Plaintiff has not provided the Court with sufficient information for it to ascertain Plaintiff's means or evaluate whether Plaintiff would qualify to bring this case without prepaying fees and costs.

Further, the Court is required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice for lack of jurisdiction.

Plaintiff commenced this action against Northgate II and Camden Towing Inc. (collectively, "Defendants") on January 10, 2025, alleging that Defendants committed "felony theft" when they had his car towed from Northgate II's parking lot without his consent. (ECF No. 1 at 2-3). Plaintiff further alleges that Northgate II violated N.J.S.A. 56:13-13(a) because it did not provide sufficient notice of its towing policies through the appropriate signage. (*Id.* at 3).

Federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.* at *1. Here, Plaintiff does not point to any violation of federal law or the Constitution of the United States, nor does Plaintiff assert that this Court would have jurisdiction over the parties pursuant to diversity jurisdiction.

Accordingly, the Court will dismiss the Complaint without prejudice. Therefore,

IT IS HEREBY on this 30th day of **January**, 2025

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

2