**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MYRON N. CRISDON,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHGATE II, CAMDEN TOWING INC.,<br><br>        Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>No. 25-262 (KMW-SAK)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Myron N. Crisdon's ("Plaintiff") Amended Complaint (ECF No. 6); Motion for Immediate Release and Return of Vehicle (ECF No. 7); Motion in Limine (ECF No. 8); Motions to Expedite the Proceedings (ECF Nos. 9, 14); and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 13) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he does not have a monthly income or expenses. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**THE COURT FINDING** that because Plaintiff's income is modest, the Court grants the IFP application.

The Court is now required to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Amended Complaint (ECF No. 5) is dismissed with prejudice.

Plaintiff commenced this action against Northgate II and Camden Towing Inc. (collectively, "Defendants") on January 10, 2025, alleging that Defendants committed "felony theft" when they had his car towed from Northgate II's parking lot without his consent. (ECF No. 1 at 2-3). Plaintiff further alleged that Northgate II violated N.J.S.A. 56:13-13(a) because it did not provide sufficient notice of its towing policies through the appropriate signage. (*Id.* at 3). This Court dismissed Plaintiff's Complaint without prejudice, finding that it did not have subject-matter jurisdiction because Plaintiff did not assert any federal claims, and the parties were not diverse. The Court provided Plaintiff leave to amend his Complaint, which Plaintiff did accordingly.

Federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

2

jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.* at *1.

Here, Plaintiff purports to bring five causes of action against Defendants: (1) Violation of the Predatory Towing Prevention Act, N.J.S.A. 56:13-7 (Count I); Violation of the New Jersey Consumer Protection Act, N.J.S.A. 56:8-1 (Count II); Conversion (Count III); Unjust Enrichment (Count IV); and "Punitive Damages" pursuant to N.J.S.A. 2A:15-5.12 (Count V) (ECF No. 6 at 2-3.) Although Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff's Amended Complaint does not point to any violation of federal law or the Constitution of the United States with respect to Defendants. (*See* ECF No. 6.)

For all these reasons, the Court will dismiss Plaintiff's Complaint with prejudice. Therefore,

IT IS HEREBY on this 17 day of **March**, 2025, **ORDERED** as follows:

1. This case is hereby **DISMISSED WITH PREJUDICE**; and further
2. Plaintiff's Motion for Immediate Release and Return of Vehicle is **DENIED** as **MOOT**; and further
3. Plaintiff's Motions to Expedite Proceedings are **DENIED** as **MOOT**; and further
4. Plaintiff's Motion in Limine is **DENIED** as **MOOT**; and further
5. The Clerk of the Court is directed to mark this case **CLOSED**; and further
6. The Clerk of the Court is directed to docket any additional motion or other filing submitted by Plaintiff in this matter as a "Submission"; and further
7. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE