**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MYRON N. CRISDON, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | No. 25-262 (KMW-SAK) |
| v. | |
| NORTHGATE II, CAMDEN TOWING INC., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

**THIS MATTER** comes before the Court by way of Plaintiff Myron N. Crisdon's ("Plaintiff") Amended Complaint (Dkt. No. 6); Motion for Reconsideration (Dkt. No. 16); and Emergency Motion to Compel (Dkt. No. 42); and

**WHEREAS**, federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); and

**WHEREAS**, to establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.* at *1; and

**WHEREAS**, Plaintiff purports to bring five causes of action against Defendants, all of which exclusively allege violations of state law: (1) Violation of the Predatory Towing Prevention Act, N.J.S.A. 56:13-7 (Count I); Violation of the New Jersey Consumer Protection Act, N.J.S.A. 56:8-1 (Count II); Conversion (Count III); Unjust Enrichment (Count IV); and "Punitive Damages" pursuant to N.J.S.A. 2A:15-5.12 (Count V) (Dkt. No. 6 at 2-3); and

**WHEREAS**, Plaintiff argues that the Court improperly dismissed his case with prejudice "despite the fact that Plaintiff's complaint was already amended following the Court's first order," (Dkt. No. 16 at 1); and

**WHEREAS**, although Plaintiff asserts that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff's Amended Complaint does not point to any violation of federal law or the Constitution of the United States with respect to any of the Defendants; and

**THE COURT FINDING** that, notwithstanding Plaintiff's amendment of his Complaint following this Court's initial dismissal, Plaintiff's Amended Complaint remains subject to dismissal for failure to correct the jurisdictional deficiencies identified in this Court's January 31, 2025 (Dkt. No. 3) and February 10, 2025 (Dkt. No. 5) opinions and orders;

**CONSEQUENTLY**, the Court will not grant Plaintiff's Motion for Reconsideration (Dkt. No. 16) for the reasons argued therein, however;

**THE COURT NOTES** that "a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits" and thus must be "without prejudice," *Associated Builders & Contractors W. Pennsylvania v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023); and

**THE COURT FURTHER NOTING** that, while it cannot dismiss Plaintiff's Amended Complaint with prejudice, it can deny leave to amend so long as any amendment would be futile,

*see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (determining that dismissal without leave to amend is justified where the amendment would be futile); *see also Smith v. Allied Retail Props.*, 802 F. App'x 734, 736 n.2 (3d Cir. 2020) (affirming dismissal of complaint for lack of subject matter jurisdiction *without* leave to amend and *without* prejudice to the plaintiff's filing an action in state court); and

**THE COURT FINDING** that, here, any amendment would be futile because this is the third dismissal of Plaintiff's case for want of subject matter jurisdiction.[1] Simply stated, this Court is not the correct court for Plaintiff to pursue these claims against these Defendants. Plaintiff's reasons for suing these Defendants all arise under state law and do not allege violations of federal law or the Constitution. Plaintiff has not asserted that the Court has diversity jurisdiction nor that the Defendants are citizens of different states than Plaintiff.

For all these reasons, Plaintiff's Amended Complaint (Dkt. No. 6) is dismissed *without* prejudice and *without* further leave to amend. Therefore,

## ORDER

**IT IS HEREBY** on this 7th day of **October, 2025, ORDERED** as follows:

1. Plaintiff's Motion for Reconsideration (Dkt. No. 16) is **GRANTED**.
2. The Court's March 17, 2025 Memorandum Opinion and Order (Dkt. No. 15) is **MODIFIED** to state Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's ability to file an action in state court.
3. Plaintiff is **DENIED** leave to amend his Amended Complaint (Dkt. No. 6) because further amendment would be **FUTILE**.
4. The Clerk of the Court is directed to mark this case **CLOSED**.

---

[1] Plaintiff's initial Complaint (Dkt. No. 1) was dismissed for lack of subject matter jurisdiction (Dkt. No. 3) without prejudice and with leave to amend. Plaintiff failed to file his Amended Complaint within the time permitted by the Court, instead filing a "Motion to Release Motor Vehicle" (Dkt No. 4) while no operative complaint was pending. While the Court did not construe Plaintiff's Motion as an Amended Complaint, the Court noted that Plaintiff's Motion failed to correct the jurisdictional deficiencies identified in its initial order of dismissal and further granted Plaintiff leave to amend his Complaint, warning that it would be subject to dismissal if Plaintiff failed to allege federal question or diversity jurisdiction. (*See* Dkt. No. 5.) Plaintiff's Amended Complaint thus marks his third failed attempt to invoke this Court's subject-matter jurisdiction, thus demonstrating that further leave to amend would be futile.

5. Plaintiff's Emergency Motion to Compel (Dkt. No. 42) is **DENIED as moot**.
6. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE